## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| **BANK OF AMERICA, N.A.,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Case No.:** |
| **WOLF RUN HOLLOW, LLC,** | ) ) | |
| **Defendant.** | ) ) ) ) | |

### COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Bank of America, N.A. ("Bank of America"), through the undersigned attorneys, alleges the following for its Complaint against Defendant Wolf Run Hollow, LLC ("Wolf Run Hollow"):

### NATURE OF ACTION

1.      This is an action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and Fed. R. Civ. P. 57 for a judgment declaring that Bank of America does not infringe Wolf Run Hollow's U.S. Patent No. 6,115,817 ("the '817 patent") and that the '817 patent is invalid under the patent laws of the United States, Title 35, United States Code.

### THE PARTIES

2.      Plaintiff Bank of America, N.A. is a National Association with its principal place of business at 101 South Tryon Street, Charlotte, North Carolina.

3.     Upon information and belief, Defendant Wolf Run Hollow, LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 170 Kinnelon Road, Suite 13, Kinnelon, New Jersey 07405.

## JURISDICTION AND VENUE

4.     This claim for declaratory relief arises under the United States Patent Laws, 35 U.S.C. § 100 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  This Court has subject matter jurisdiction over this claim under 28 U.S.C. §§ 1331 and 1338(a).  This matter presents an actual case or controversy and serves the purpose of resolving the legal rights of the parties.

5.     Defendant Wolf Run Hollow submitted to the personal jurisdiction of this Court by filing a Complaint against Bank of America in Case No. 1:13-cv-8406 that was voluntarily dismissed by Wolf Run Hollow without prejudice under Fed. R. Civ. P. 41(a)(1)(A), and by filing complaints against State Farm Bank, F.S.B. in Case No. 1:12-cv-9449, against State Farm Federal Credit Union in Case No. 1:12-cv-9450, against Meijer, Inc. in Case No. 1:13-cv-9217, against Sports Authority, Inc. in Case No. 1:13-cv-9211, and against Best Buy Co., Inc. in 1:14-cv-1366.

6.     Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) and (c).

## THE EXISTENCE OF AN ACTUAL CONTROVERSY

7.     On November 21, 2013, Wolf Run Hollow filed a complaint in this Court against Bank of America Corporation for patent infringement, alleging infringement of the '817 patent via the website https://www.bankofamerica.com/.  The action was designated Case No. 1:13-cv-8406 and was assigned to Judge Sara L. Ellis on December 2, 2013.

2

8.      On December 20, 2013, Wolf Run Hollow filed a motion for leave to file an amended complaint to remedy a mistake made in the original complaint.  That motion was granted and Wolf Run Hollow filed its First Amended Complaint on January 7, 2014.

9.      On January 10, 2014, Wolf Run Hollow filed a motion for leave to file a Second Amended Complaint to substitute Bank of America, N.A. as the named defendant and dismiss Bank of America Corporation.  That motion was granted and Wolf Run Hollow filed its Second Amended Complaint on January 20, 2014.

10.     On March 21, 2014, Bank of America filed a motion to dismiss Wolf Run Hollow's Second Amended Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

11.     On March 24, 2014 Bank of America filed a motion for an order pursuant to Local Rule 40.4 to reassign Case No. 1:13-cv-8406 to Judge James B. Zagel.

12.     On March 27, 2014, Wolf Run Hollow filed a Notice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A), voluntarily dismissing Case No. 13-cv-8406.

13.     On April 1, 2014, Judge Ellis issued a minute entry stating that pursuant to Wolf Run Hollow's Voluntary Notice of Dismissal, all claims are dismissed in Case No. 1:13-cv-8406 without prejudice with each party to bear its own costs, expenses and attorneys fees.

14.     On March 27, 2014, after Wolf Run Hollow filed its Notice of Voluntary Dismissal of Case No. 1:13-cv-8406, a lawyer who identified himself as representing Wolf Run Hollow contacted an in-house lawyer at Bank of America to advise him that Wolf Run Hollow is willing to settle its claim for patent infringement in exchange for a payment of $50,000.  Wolf Run Hollow's demand for a settlement payment from Bank of America in connection with Wolf

Run Hollow's claim that Bank of America is infringing the '817 patent is a clear and unmistakable threat of litigation against Bank of America, giving rise to a reasonable apprehension on the part of Bank of America that Wolf Run Hollow will commence another action for infringement of the '817 patent if Bank of America refuses Wolf Run Hollow's demand for a payment.

15.    Wolf Run Hollow has recently brought more than 30 patent infringement actions against approximately 110 parties accused of infringing the '817 patent in federal courts across the country.   To date, 24 of those actions pertaining to 104 alleged infringers have been dismissed.  Seven actions involving the '817 patent, all of which were filed after Wolf Run Hollow's original Complaint against Bank of America Corporation was filed, remain pending.

16.    Given Wolf Run Hollow's initiation of other litigation with respect to the '817 patent and in light of Wolf Run Hollow's continued demands for a settlement payment from Bank of America, it seems clear that Wolf Run Hollow intends to pursue further litigation against Bank of America.

## COUNT I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT

17.    Bank of America incorporates the preceding paragraphs as if fully set forth herein.

18.    Bank of America has not directly infringed, and does not directly infringe, any claim of the '817 patent.

19.    Bank of America has not jointly infringed, and does not jointly infringe, any claim of the '817 patent.

20.     Bank of America has not contributed to the infringement, and does not contribute to the infringement of any claim of the '817 patent by any third party.

21.     Bank of America has not induced, and does not induce any third party to infringe, any claim of the '817 patent.

22.     Bank of America is entitled to a declaration under 28 U.S.C. §§ 2201 and 2202 that Bank of America has not and does not infringe any claim of the '817 patent, either directly or indirectly, jointly or otherwise.

## COUNT II: DECLARATORY JUDGMENT OF INVALIDITY

23.     Bank of America incorporates the preceding paragraphs as if fully set forth herein.

24.     The claims of the '817 patent are invalid under Title 35 of the United States Code, including but not limited to §§ 101, 102, 103 and/or 112.

25.     Bank of America is entitled to a declaration under 28 U.S.C. §§ 2201 and 2202 that the claims of the '817 patent are invalid.

****

## PRAYER FOR RELIEF

WHEREFORE, Bank of America respectfully requests this Court to enter a judgment in its favor as follows:

a)      declaring that Bank of America has not directly infringed, and does not currently directly infringe, any claim of the '817 patent;

5

b)      declaring that Bank of America has not jointly infringed, and does not currently

jointly infringe, any claim of the '817 patent;

c)      declaring that Bank of America has not contributed to the infringement, and does

not currently contribute to the infringement, of any claim of the '817 patent by any third party;

d)      declaring that Bank of America has not induced, and does not induce, any third

party to infringe any claim of the '817 patent;

e)      declaring that the claims of the '817 patent are invalid;

f)      declaring this to be an exceptional case and awarding Bank of America its costs,

expenses, and disbursements in this action, including reasonable attorney fees, pursuant to 35

U.S.C. § 285; and

g)      awarding Bank of America any further and additional relief that this Court may

deem just and proper.


Dated: July 30, 2014                            Respectfully submitted,

Of Counsel:                                     **BANK OF AMERICA, N.A.,**

Kevin J. Culligan                               *Plaintiff*
John P. Hanish
Jonathan A. Auerbach                            By: /s/ James T. Hultquist
GOODWIN PROCTER LLP                             James T. Hultquist (SBN 6204320)
The New York Times Building                     Keyonn L. Pope (SBN 6301921)
620 Eighth Avenue                               REED SMITH LLP
New York, NY 10018-1405                         10 South Wacker Drive
Telephone: (212) 813-8800                       Chicago, IL 60606
Facsimile: (212) 355-3333                       Telephone: (312) 207-1000
                                                Facsimile: (312) 207-6400